FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA GONZALES, an individual, on behalf of herself and others similarly situated; MARIA RODRIGUEZ CASTANEDA, an individual, on behalf of herself and others similarly situated,<br>Plaintiffs,<br>v.<br>J.R. SIMPLOT COMPANY, a foreign corporation,<br>Defendant. | No. 4:26-CV-05056-SAB<br><br>**ORDER DENYING MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand, ECF No. 11. The motion was heard without oral argument. Plaintiff is represented by Brian L. Dolman, Donald W. Heyrich, Erin S. Norgaard, and Winthrop W. Hubbard. Defendant is represented by Adam G. Cuff, Elizabeth A. Falcone, Heather M. Fossity, and Kenneth M. Rock.

Plaintiff filed a class action in Franklin County Superior Court against Defendant, alleging six causes of action for wage and hour violations. Defendants removed the action to the Eastern District of Washington pursuant to the Class Action Fairness Act ("CAFA"). Plaintiff asks the Court to remand the matter

because Defendant has not met its burden in demonstrating that the amount in controversy exceeds $5,000,000.

## Background

Plaintiff is bringing a class action alleging the following claims on behalf of the putative class: Failure to Pay Wages (Claims 1,2, and 3); Failure to Provide Second Meal Periods (Claims 4 and 6); and Willful Withholding of Wages (Claim 6), in violation of Washington law.

The parties engaged in mediation on March 17, 2026. In preparation for mediation, the mediator sent both parties a set of “Basic Rules” that were to govern the process. The rules stated that all communications made during the course of mediation were to remain confidential and that no party would “introduce such communications in any legal proceeding.” The day before mediation, Plaintiff provided Defendant a mediation brief, which included Plaintiff’s preliminary damages estimate of $12,128,038. After unsuccessful mediation, Defendant removed this case, asserting minimal diversity exists under the Class Action Fairness Act (CAFA), because there are more than 100 members in the putative class, minimal diversity exists, and the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1453. To establish that the amount in controversy exceeded $5 million, Defendant offered Plaintiff’s mediation brief.

## Motion Standard

Section 1441(a) permits parties to remove any action filed in state court to federal court that originally could have been filed in federal court. 28 U.S.C. § 1441(a). The CAFA vests district courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

Congress intended CAFA to be interpreted expansively. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Supreme Court has made

clear: “no antiremoval presumption attends cases invoking CAFA.” *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

If the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Ibarra*, 775 F.3d at 1197. That is, a removing defendant must show it is “more likely than not that the amount in controversy exceeds $5,000,000.00.” *Fritsch v. Swift Transp. Co. of Ariz.,* 899 F.3d 785, 793 (9th Cir. 2018) (quotation omitted). The amount in controversy, for purposes of removal under the CAFA, is the amount at stake in the underlying litigation. *Id.* When a plaintiff challenges a defendant’s assertion of the amount in controversy in a motion to remand, the court decides where the preponderance lies after both sides submit proof. *Ibarra*, 775 F. 3d. at 1198.

Settlement letters are relevant evidence of the amount in controversy if the letter “appears to reflect a reasonable estimate of the plaintiff’s claims.” *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). While Fed. R. Evid. 408 prohibits the use of conduct or statements made during the course of compromise negotiations “to prove or disprove the validity or amount of a disputed claim,” the rule is not offended when settlement offers are being used to determine the amount in controversy. Fed. R. Evid. 408; *Cohn*, 281 F.3d at 840 n.3; *c.f. Hsueh v. Bankers Life & Cas. Co.*, 421 F. Supp. 3d 937 (S.D. Cal. 2019) (prohibiting the defendant’s use of the plaintiff’s mediation brief to show the amount in controversy when the court signed the parties’ stipulation and an order stipulating to the confidentiality of the mediation material).

On the other hand, courts have found that settlement letters alone are not enough to establish the amount in controversy “where a plaintiff takes steps to disavow a damages estimate.” *Vitale v. Celadon Trucking Servs., Inc.*, 2017 WL 626356 at *3 (C.D. Cal. Feb. 15, 2017); *see also Graybill v. Khudaverdian*, 2015

WL 7295378 at *4 (C.D. Cal Nov. 17, 2015) (finding that a plaintiff successfully disavowed their estimate when the plaintiff's attorney acknowledged an error in his calculation and provided a new estimate). An estimate that appears only to be a "bold optimistic prediction" is not enough to show the amount in controversy. *Vitale,* 2017 WL 626356 at *3 (finding that a damages estimate in a mediation brief is not sufficient to show the amount in controversy where the Plaintiff disavows the brief's estimate, disavowed or reduced some claims, and offered new calculations). However, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," so it need not be a perfect prediction of damages. *Lewis v. Verizon Commic's, Inc.*, 627 F.3d 395, 400 (9th Cir. 2020).

**Analysis**

Plaintiff challenges Defendant's use of Plaintiff's mediation brief in establishing the amount in controversy for the purpose of removal, asserting that the rules of mediation preclude the brief's use outside of mediation. However, the Ninth Circuit allows parties to use settlement letters for the limited purpose of establishing the amount in controversy. The parties have not signed any stipulation, nor has the Court signed any orders regulating the use of the mediation material in any way. Defendant offers the mediation brief only for the purpose of establishing the amount in controversy. Therefore, use of the mediation brief in this case does not offend the Federal Rules of Evidence.

Also, Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000. Plaintiff claims to have disavowed the estimate as merely a "bold optimistic prediction." However, Plaintiff primarily contests the amounts as unverified and speculative, has not stated that the expert's analysis was incorrect, and remains "confident in the analysis of the expert." Plaintiff has not offered new estimated damages totaling less than $5 million. In contrast, Defendant has offered calculations showing that, even reducing the time

taken to don and doff and the violation rate, the amount in controversy exceeds $5,000,000. An amount need not be fully verified at this point because the amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. Therefore, Defendant's evidence is more persuasive here.

Because Defendant has shown by a preponderance of the evidence that the amount at stake in this litigation is greater than $5,000,000, the Court is satisfied it has jurisdiction to hear this case, and thus, Plaintiff's Motion to Remand is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 25th day of September 2026.

Stan Bastian
Chief United States District Judge